ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELLYN MARCUS LINDSAY (Cal. Bar No. 116847)
LANA MORTON-OWENS (Cal. Bar No. 233831)
Assistant United States Attorneys
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2041/3547
Facsimile: (213) 894-6269
E-mail: Ellyn.lindsay@usdoj.gov
Lana.morton-owens@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>PASCAL GOYER,<br>Defendant. | No. CR 12-917-RGK<br><br>PLEA AGREEMENT FOR DEFENDANT PASCAL GOYER |

1. This constitutes the plea agreement between PASCAL GOYER ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the Indictment in United States v. Pascal Goyer, et al., No. CR 12-917-RGK, which charges defendant with wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, 2(a).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.



PG

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing contained in this agreement.

c) At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e) At the time of sentencing, recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided the

Court calculates defendant's total offense level at no less than 31, prior to any downward departures.

NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, wire fraud and attempted wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, the following must be true: (a) the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; (b) the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (c) the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and (d) the defendant used, attempted to use, or caused or attempted to cause to be used, a wire transmission in interstate or foreign commerce to further the scheme.

Defendant further understands that for defendant to be guilty to aiding and abetting wire fraud, in violation of Title 18, United States Code, Section 2(a), the following must be true: (a) wire fraud was committed by someone; (b) the defendant knowingly and intentionally aided, counseled, commanded, induced



Emailed permission

or procured that person to commit each element of wire fraud; and (c) the defendant acted before the crime was completed.

PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343, is: 20 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that,

in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation

of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

11. Beginning as early as in or about July 2011, and continuing until at least in or about October 2011, in Los Angeles, Orange, Riverside, San Luis Obispo, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant participated in a scheme to defraud victims as to material matters, and to obtain money and property from such victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts, which scheme involved more than five other participants.

Defendant's role was to provide information and instructions to other co-schemers regarding the operation and execution of the scheme. Defendant, in turn, would pass along information and instructions that defendant received from unindicted co-schemers.

The scheme to defraud operated, in substance, as follows: Defendant's instructed co-schemers, operating in Canada, to contact elderly victims throughout the United States and elsewhere by telephone. At defendant's instruction, co-schemers would then falsely and fraudulently induce the elderly victims to send money by falsely and fraudulently claiming to be the victim's grandchild or other relative, and to be in trouble in a foreign country, such as Canada, Mexico, or the Dominican Republic. As defendant well knew and intended, co-schemers would falsely and fraudulently represent to the victims that they needed the victim to send money in order to resolve the

purported problem. For example, co-schemers, falsely and fraudulently claiming to be the grandchild or other relative of the victim, would represent that he or she had been in a car accident and/or had been arrested and needed the money to be released on bail and/or to cover expenses arising from the purported accident. On other occasions, co-schemers would falsely and fraudulently claim to be an attorney or other agent in contact with the grandchild or other relative and acting to assist the grandchild or other relative. As defendant well knew and intended, the co-schemers would direct the victims to send money via Western Union or MoneyGram, listing either the name of the grandchild or other relative, or the name of the supposed attorney or agent as the intended recipient.

When victims sent funds by MoneyGram or Western Union, defendant and other co-schemers would arrange for those funds to be converted to cash for the benefit of defendant and other co-schemers. Defendant and other co-schemers would obtain from the victim the unique transaction number associated with the victim's Western Union or MoneyGram transaction. In some instances, using the transaction number or other information provided by the victims, defendant and the other co-schemers would fraudulently retrieve the funds from the MoneyGram or Western Union system by inputting the transaction number and other information provided by the victim, thereby falsely assuming the identity of the intended recipient, in contravention of the rules and policies of MoneyGram and Western

Union. In many instances, defendant and other co-schemers would provide the name of a supposed attorney or other fictitious agent to whom the victim was instructed to wire the money, and co-schemers would then retrieve the money from MoneyGram or Western Union using the name of the intended recipient that had been provided to the victim.

In some instances, after a victim sent money via MoneyGram or Western Union, based on defendant's instructions, other co-schemers would then re-solicit that victim and induce him or her to send additional money, claiming that the additional money was needed by the grandchild or other relative to fully resolve the problem that the victim had initially been contacted about. Once the funds were received from the victim, defendant would retain a percentage of the funds, and provide the remaining fraudulently obtained funds to others participating in the scheme, including unindicted co-schemers.

In truth, as defendant then knew, in no instance were defendant or the other co-schemers actually related to the victims or associated with the grandchildren or other relatives of the victims; defendant and the other co-schemers had no knowledge or reason to believe that the victim's grandchild or other relative was in a country other than the United States and/or was in legal and/or financial trouble; and the money sent by the victims would not be used to resolve any problem faced by the grandchild or other relative, but rather would be used for the benefit of defendant and other co-schemers.



Emailed Permission

In furtherance of the above-described scheme to defraud, on July 26, 2011, defendant caused to occur, and aided and abetted in, a telephone call between a co-schemer, using the name "Steven" in Montreal, Quebec, Canada, and victim C.H., in Irvine, California, USA.

Defendant agrees that the scheme victimized at least 50 individual victims.

SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level: 7 [U.S.S.G. § 2B1.1(a)(1)]

| | | |
|---|---|---|
| Loss between $400,000 and $1,000,000: | +14 | [U.S.S.G. § 2B1.1(b)(1)(H)] |
| Substantial Part of Scheme Committed Outside USA: | +2 | [U.S.S.G. § 2B1.1(b)(10)(B)] |
| Vulnerable Victims | +2 | [U.S.S.G. § 3B1.1(b)(1)] |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 3 are met. Subject to paragraph 25 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed; except that (a) the government may argue for, and defendant may argue against, an aggravating role enhancement pursuant to USSG § 3B1.1; (b) the government may argue for, and defendant may argue against, a 6-level enhancement based on number victims; and (c) defendant reserves the right to argue for, and the government reserves the right to argue against, a downward departure pursuant to USSG §§ 5K2.13 and 5H1.3.

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the



PG

Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to be represented by counsel - and if necessary have the court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel - and if necessary have the court appoint counsel - at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 28 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $400,000; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions

of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; and the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 31 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $1,000,000.

RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of

limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

(a) If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

(b) The USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and

defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and

the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

Lana Morton-Owens by Ranee Katzenstein w/ authorization — 5/31/13
LANA MORTON-OWENS — Date
ELLYN MARCUS LINDSAY
Assistant United States Attorneys

[signature] — 5/31/13
PASCAL GOYER — Date
Defendant

[signature] — 5/31/13
KIANA BONNELLE SLOAN-HILLIER — Date
Attorney for Defendant
Pascal Goyer

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights,

of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

PASCAL GOYER
Defendant

5/31/13
Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Pascal Goyer's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge:

no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

KIANA BONNELLE SLOAN-HILLIER
Attorney for Defendant
Pascal Goyer

5-31-13
Date