UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE R. GARY KLAUSNER, U.S. DISTRICT JUDGE

CERTIFIED COPY

UNITED STATES OF AMERICA, )
)
PLAINTIFF, )
)
vs. ) No. CR 12-00917-RGK
)
PASCAL GOYER, )
)
DEFENDANT. )

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

MONDAY, DECEMBER 8, 2014

1:32 P.M.

A-P-P-E-A-R-A-N-C-E-S

FOR PLAINTIFF: OFFICE OF THE UNITED STATES ATTORNEY
BY: ELLYN M. LINDSAY
ASSISTANT UNITED STATES ATTORNEY
312 NO. SPRING STREET, 12TH FLOOR
LOS ANGELES, CA 90012
213.894.2041

FOR DEFENDANT: PASCAL GOYER, PRO SE

*SANDRA MacNEIL, CSR 9013, RPR, CRR*
*Official Court Reporter, U.S. District Court*
*255 East Temple Street, Room 181-F*
*Los Angeles, CA 90012*
*213.894.5949*

LOS ANGELES, CALIFORNIA; MONDAY, DECEMBER 8, 2014

1:32 P.M.

- - - -

THE CLERK: Calling item No. 16, case No. CR 12-917-RGK, United States of America versus Pascal Goyer.

Counsel, please state your appearances.

MS. LINDSAY: Good afternoon, your Honor. Ellyn Lindsay for the United States.

MR. GOYER: Pascal Goyer, representing myself.

THE COURT: Okay. In this particular matter, my understanding is that this is set today for restitution hearing.

MS. LINDSAY: That's correct, your Honor.

THE COURT: Okay. And the people requesting restitution in this matter?

MS. LINDSAY: Well, the government is.

THE COURT: I'm sorry, the government.

MS. LINDSAY: Same diff.

THE COURT: Okay. And do you wish to proceed on that?

MS. LINDSAY: Yes, your Honor.

THE COURT: Hmm?

MS. LINDSAY: Yes, your Honor.

THE COURT: Okay. If you want to either call your first witness, whatever you want to do on it.

MS. LINDSAY: Oh, your Honor, did your Honor receive

my -- my filing --

THE COURT: No.

MS. LINDSAY: -- last week?

THE COURT: No.

MS. LINDSAY: Oh. Well, I can hand up your Honor a copy.

THE COURT: Sure.

MS. LINDSAY: It was an under seal filing.

THE COURT: Has the defendant been provided with a copy?

MS. LINDSAY: Yes. A redacted copy, your Honor.

THE COURT: Okay.

MS. LINDSAY: Because this --

THE COURT: I didn't get one.

Did you get your copy?

MR. GOYER: Yeah, I did.

THE COURT: Okay.

MR. GOYER: Two days ago.

THE COURT: Okay.

MS. LINDSAY: Sorry about that, your Honor.

THE COURT: That's okay.

Let me do this, then. Let me go ahead and take a look at this, and it'll only take a few minutes, but rather than on the bench, I'll go back, take a look at it, come back out in about four or five minutes.

THE CLERK: All rise.

*(Recess held from 1:34 p.m. to 1:38 p.m.)*

THE COURT: Okay. The Court has now read the position paper that was filed by the government where it's made its demand for what it feels is appropriate restitution of $429,685.39, and that is backed up by the list of the victims and the amount that each victim should be owed.

So that has been submitted by the government, and is there anything further on behalf of the government?

MS. LINDSAY: No, your Honor.

THE COURT: Okay. Is there anything that the defense would like to produce?

MR. GOYER: Yes. I'd like to ask how can the American courts assume jurisdiction over Canadian victims? Because over half of these are Canadian. Not half of them, but over half of the money here is Canadian, alleged Canadian victims.

THE COURT: So is your position, then, what you're saying, that any victim who is a Canadian victim is not entitled to restitution? Is that what you're saying?

MR. GOYER: That's not what I'm saying. I'm just saying how -- how -- how am I being charged in this country for victims from other countries? Like, how is the jurisdiction? I don't understand. And also, these numbers are very, very vague. They don't have any dates attached. They're just --

THE COURT: Well, let me --

MR. GOYER: Are these actual certified losses? That's what I want to know, if these are actually confirmed victims, because I don't want to actually pay, or --

THE COURT: I understand.

MR. GOYER: -- restitution for something I actually didn't do.

THE COURT: This is a list that the government says of victims and the amount that each victim has lost. You have indicated, well, how can you be held liable for or charged with a -- and correct me if I'm wrong -- with a non-U.S. resident?

MR. GOYER: Correct.

THE COURT: That goes towards whether or not you were convicted of an offense or not. That's -- you know, you've already been convicted, so that's not the question. The question is just restitution. So I think what you're saying is, how can you be liable for restitution to a non-U.S. citizen?

MR. GOYER: Correct. Yes, that's correct, your Honor.

THE COURT: I know of nothing that says that you're limited to just U.S. citizens.

Do you want to be heard on that, Counsel?

MS. LINDSAY: Well, as I told Mr. Goyer just before the hearing, when he raised this issue, I have briefed it in another case. Obviously, I don't have the briefing here with me, but the same issue was raised. It was a defendant from the

United Kingdom, and was questioning how he could be held liable to pay victims outside the U.S. And it's because the U.S. has jurisdiction over the case, because it's a scheme offense, and it did touch the United States, because there were mailings and calls here -- or not mailings in this case, but phone calls, and so the liability extends to all victims of the scheme.

THE COURT: Tell you what, probably the best thing to do for you on this, sir -- because you're acting in your own attorney in this case. Ordinarily, if you had a defense attorney, I would have said, "Well, you should have briefed that. It should have been in today."

MR. GOYER: Well, I asked my attorney. I asked her, and this was one of the many, many things she didn't answer.

THE COURT: One way or the other, you're acting as your own attorney today.

MR. GOYER: Yes. I wasn't aware that I was going to today. She sent me some info saying that she was still on the case, that you did not drop her, and I was expecting to see her today, and, you know, I wasn't actually prepared. I have --

THE COURT: That's okay. Then I'm going to give you a couple of options on this. One is, if it's your request to put this over for a couple of weeks so you can find out --

MR. GOYER: Okay, yes. Because I paid her for a forensic accountant, also. And I apologize for cutting you off, but I paid --

THE COURT: That's okay. Let me go ahead and talk a little bit first.

If your request is you'd like to put this over, I don't care, till the beginning of next year, January, to get your attorney and to file opposition papers and all, that's fine. I'll put that over if that's your request.

MR. GOYER: Okay.

THE COURT: If it's not your request, if you wish to continue to represent yourself, then I would ask for, in the next two weeks, something in writing from you as to what your objections are, and give the government a chance to respond in writing. So either way, either one of those two.

MR. GOYER: Yeah, I'd like some time to look this over, because I did pay for a forensic accountant, and she never got back to me. She --

THE COURT: Okay. So if it's your request to put this over until, I don't care, the first week in January or so, first week or second week, doesn't make any difference, of January --

THE CLERK: January 5th.

THE COURT: I'm sorry?

THE CLERK: January 5th.

THE COURT: We can do it then or the next week.

THE CLERK: 12th?

THE COURT: Well, you've got the calendar. I don't

know which is more crowded.

THE CLERK: Let's see. The 5th is open.

THE COURT: The 5th?

THE CLERK: 1:30.

THE COURT: Okay. Is that agreeable with you, January 5th?

MR. GOYER: The other thing, they packed me out, and I apologize --

THE COURT: Before we get to that, is January 5th okay for your calendar?

MS. LINDSAY: Yes, your Honor.

THE COURT: Okay.

Yes, sir.

MR. GOYER: They packed me out at the -- where they're holding me here in this tower, and they said I'm moving or -- all my stuff, they packed me out. Like, I don't know if I'm going to be here.

THE COURT: Well, I'm going to order you back for that date.

MR. GOYER: Okay.

MS. LINDSAY: Your Honor?

MR. GOYER: I just don't want to be in transit or anything.

THE COURT: I know.

Yes?

MS. LINDSAY: The U.S. Attorney's Office handled that. We issued whatever paperwork we needed to issue in conjunction with your clerk --

THE COURT: Okay.

MS. LINDSAY: -- to keep him here at least for today. So I'll check into whether that lasts until the hearing is done, in fact, which would be the January 5th.

THE COURT: Let's see if we can keep him here till January 5th, and if not, we'll put it over for whatever time it takes to get him back in here.

MS. LINDSAY: Right.

THE COURT: Okay.

MS. LINDSAY: Thank you.

MR. GOYER: There is a further hearing on the 29th on my -- my motion.

THE COURT: Well, that's going to be put over, on the 29th, because the Court won't be here on the 29th.

MR. GOYER: Okay.

MS. LINDSAY: Maybe we could hear it all on the 5th.

THE COURT: Yeah, we can do them all on the same day, unless you want to come back on different days. So let's do it on the same day.

So I'm going to put this over until -- and make sure we all understand, I'm going to put this restitution hearing over until the 5th of January. The motion, the other motion, which

was the 29th of December, will be put over until the 5th of January, so they're both on the same date. Between now and that date, if you get an attorney, have that attorney file the papers necessary. If you don't have an attorney, if you still want to represent yourself, then --

MR. GOYER: Can I get advisory -- I'm sorry, can I get advisory counsel?

THE COURT: No. No, no. If you're entitled to counsel, you're entitled to counsel. You can't have two counsels.

MR. GOYER: When you're pro se, don't you have some sort of --

THE COURT: No, no. No, no. Because what you're asking for is, I want to be pro se, my own attorney, and I want an advisory counsel. And we don't -- there's no reason to appoint two counsel, and that's what we would be doing if we appointed advisory counsel. You have to choose either to be your own attorney or have somebody else be your attorney.

MR. GOYER: Because there's others -- there's other people in the -- that I've seen in the two years that I've been here that have had advisory counsel because they are going pro se, and that's usually what I've seen. Either that, or they -- or they --

THE COURT: Okay. And as I said before, I would not appoint advisory counsel. If you wish to represent yourself,

fine. If you wish to have an attorney represent you, that's fine. You make the choice on it.

If you have -- if you're representing yourself, get the papers filed for that January 5th hearing. If you have an attorney, have them file the papers by the January 5th hearing. We'll put all of this over until the January 5th hearing, with the understanding if there's some hangup with being able to get you here, we'll put it over again for you. Okay?

MR. GOYER: Okay.

THE COURT: Okay. Okay, we'll see you back on that date, then.

The papers, all papers on this should be filed a week before the next hearing, seven days before the next hearing.

*(Proceedings concluded at 1:46 p.m.)*

*--o0o--*

*CERTIFICATE*

*I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.*

*Date: FEBRUARY 2, 2015*

*/S/ SANDRA MACNEIL*

*Sandra MacNeil, CSR No. 9013*